**In re Edward H. GIRARDEAU and Mary Wynn Girardeau, Debtors.**

**Bankruptcy No. 82–01333.**

United States Bankruptcy Court, D. South Carolina.

June 23, 1983.

Reid B. Smith, Columbia, S.C., for debtors.

William K. Stephenson, Jr., Columbia, S.C., trustee.

## ORDER

## FINDINGS OF FACT

J. BRATTON DAVIS, Bankruptcy Judge.

Edward H. Girardeau and Mary Wynn Girardeau filed a petition for relief under Chapter 13 of the United States Bankruptcy Code [1] (11 U.S.C. § 1301, *et seq.*) on August 12, 1982. The debtors' Chapter 13 schedules list $19,351.04 as the total amount of the unsecured debt.

The debtors' plan proposes to pay all priority and secured debt in full, and proposes that the unsecured creditors be divided into two classes. The plan proposes that Class I, which consists of an unsecured debt which has been cosigned by a third party, Edward H. Girardeau's father, will be paid in full by the debtors' paying $41.67 per month for 60 months. The plan proposes that Class II, which consists of all other unsecured debts, will be paid 20% of their claims by the debtors' paying $62.08 per month for 60 months. According to the plan, the payment on the Class I claim will be made directly to the creditor holding the unse-

---

1. Further reference to sections of the 1978 Bankruptcy Code will omit the identically num-
bered section of Title 11, United States Code.

cured cosigned debt, and not to the codebtor.

In addition, the debtors' plan envisions the avoidance of a $2,070.33 secured claim pursuant to § 522(f)(2). While not expressing an opinion as to the validity of the debtors' contention that this lien can be avoided pursuant to § 522(f)(2), the court will consider the treatment of this $2,070.33 debt as unsecured for purposes of discussion.

The schedules show that the debtors have a combined monthly income of $1,321.28, with monthly living expenses of $808. Their plan calls for payments of $385.48 per month for a period of 60 months.

The debtors do not own any real estate, and the debtors' exemption schedules indicate that the debtors do not own any personal property beyond that which they may exempt. The debtors' unsecured creditors would receive nothing in a Chapter 7 liquidation.

## ISSUE

The issue is whether the debtors' Chapter 13 plan meets the confirmation requirements of § 1325.

## DISCUSSION AND CONCLUSION

Section 1322 allows a debtor to provide for separate classification of unsecured claims. However, § 1322(b)(1) requires that the plan "... not discriminate unfairly against any class so designated." In a previous case, this court set forth five factors to be considered in determining whether or not a classification discriminates unfairly. These are: (1) whether there is a reasonable basis for the classification; (2) whether the classification is necessary to the debtors' rehabilitation under Chapter 13; (3) whether the discriminatory classification is proposed in good faith; (4) whether there is a meaningful payment to the class discriminated against; and (5) the difference between what , the creditors discriminated against will receive under the proposed plan, and the amount they would receive if

there were no separate classification. *In re Moore*, 31 B.R. 12 (Bkrtcy.D.S.C.1983).

With these factors in mind, the court finds that the debtors have not met their burden of proving that they could not perform the plan without the classification. Edward H. Girardeau testified that the codebtor, his father, had cosigned loans in the past which enabled the debtor to establish a business, that the codebtor had loaned the debtors money to meet living expenses and emergencies after the inception of the bankruptcy proceeding, that the debtors could go to this third party for emergency loans should that become necessary while the Chapter 13 plan is pending, and that the debtors will need the cooperation of the codebtor in order to have a source of guaranteed credit in the future. In addition, the debtor testified that he has been informed by the codebtor that if this cosigned claim is not paid in full, the codebtor will not make any more credit available to the debtors.

When the favorably classified debt is one cosigned by a relative, the reason for, and the necessity of, the classification should be closely scrutinized by the court, so as to prevent unfair discrimination benefitting the families of debtors. To pass such scrutiny, the necessity for classification must be supported by clear and convincing evidence. The need of maintaining the codebtor's cooperation as an emergency source of funds in the future will not suffice.

Upon consideration of the codebtor's relationship to the debtors and of the evidence presented, this court concludes that the debtors have not met their burden of proving that they could not perform the plan without the classification.

Because the proposed classification of unsecured creditors discriminates unfairly, the requirements of § 1322(b)(1) and § 1325 are not satisfied.

## ORDER

It is, therefore, ORDERED, ADJUDGED AND DECREED that confirmation of the

debtors' Chapter 13 plan filed on December 8, 1982, be, and it hereby is, DENIED. The debtors are given ten (10) days from the entry of this order within which to file an amended plan in accordance with the provisions of this order, and if no such plan is filed by that time, the case will be dismissed.

AND IT IS SO ORDERED.