In the Matter of Carmen J. BIRRIEL GONZALEZ, Debtor.

Bankruptcy No. B–86–00078(ESL).

United States Bankruptcy Court, D. Puerto Rico.

Feb. 9, 1987.

Lyssette A. Morales Vidal, Caguas, P.R., for debtor.

Robert J. Griswold, San Juan, P.R., for trustee.

## OPINION AND ORDER

ENRIQUE S. LAMOUTTE, Chief Judge.

On January 22, 1986 the debtor herein filed a petition under Chapter 13, Title 11, United States Code. The case came before the Court on November 25, 1986 for a hearing on confirmation. The trustee objected to the plan because it did not meet the liquidation value test and because it discriminated unfairly against unsecured creditors. The Court allowed the trustee and debtor ten (10) days to file legal memoranda on the issue of whether a Chapter 13 plan may classify claims with codebtors and provide that such a class of creditors be paid in full, notwithstanding the fact that other unsecured creditors would receive less than they would receive if the case was liquidated under Chapter 7. The trustee timely filed his brief. The debtor did not file a brief, but opted to acquiesce to the trustee's objection and requested leave to amend the plan.

The Court, after considering the arguments by debtor's counsel and the trustee, and after examining the file, enters the

following findings of fact and conclusions of law.

FINDINGS OF FACT

1. The debtor filed a petition under chapter 13 on January 22, 1986.

2. Together with the petition the debtor submitted a Chapter 13 plan which called for sixty (60) monthly payments of $40.00 each. The plan was orally amended at the confirmation hearing held on November 25, 1986 to provide for sixty (60) monthly payments of $74.00, plus the $440.00 pre-confirmation installments already paid to the trustee, for a base of $4,435.00 throughout the life of the plan.

3. The budget submitted by the debtor (See paragraph 4 of the Chapter 13 Statement) shows a disposable income of $40.00, to be fully committed to the plan.

4. The only non exempt property in the debtor's estate which has equity is his residence. The same was listed in the schedules as having a market value of $16,000.00. However, it appears that the debtor admitted at the § 341 meeting of creditors that the subject property was appraised at $20,950.00.

The Court finds the debtor's residence to have a value of at least $16,000.00 for the only purpose of determining whether the requirements of 11 U.S.C. § 1325(b)(1)(A) have been met.

The debtor's residence has a first mortgage with Colonial Mortgage Company in the amount of $4,011.85.

After deducting the liens and exemptions ($7,900.00) the property has an equity of $4,088.15.

5. The total amount of allowed general unsecured claims is $8,398.14 of which $1,575.00 correspond to claim number 7 of Banco Popular.

6. Debtor wants to pay the claim of Banco Popular in full because it has a co-debtor and to such effects has classified this claim as "class A" in her Chapter 13 plan.

7. Considering an estate of $4,088.15, trustee fees in the amount of $443.50 and attorney's fees of $500.00, the unsecured creditors would receive 41.57% of their claims if this case was liquidated under Chapter 7.

8. If Banco Popular's Claim number 7 is paid in full through the Chapter 13 plan then the remainder unsecured creditors would only receive 28.08% of their claims; that is, less than they would receive if the case were liquidated under Chapter 7.

CONCLUSIONS OF LAW

■ It is axiomatic that under 11 U.S.C. § 1322(b)(1) a Chapter 13 debtor may classify unsecured co-debtor claims. However, it may not discriminate unfairly against other unsecured claims. *Collier on Bankruptcy*, 15th Ed.P 1322.05[1]; 3 Norton Bankr L & Prac., Secc. 76.05; *In re Girardeau*, 35 B.R. 9, 11 (B.C.S.C.1983); *In re Bowles*, 48 B.R. 502, (B.C.ED.Va 1985); *In re Dondero*, 58 B.R. 847, 848 (B.C.Ore. 1986).

■ The basic reason for allowing the classification of claims with a co-signer and to allow a different and more beneficial treatment to these claims is to encourage debtors to file under Chapter 13 instead of Chapter 7. *In re Perkins*, 55 B.R. 422, 425 (B.C.N.D.Okl.1985). But in order not to discriminate unfairly against other classes of unsecured creditors, the treatment of the class or classes discriminated against may not be such that they would receive less through the Chapter 13 plan than they would receive in a Chapter 7 liquidation. *Collier on Bankruptcy*, supra, compare with *In re Perkins*, supra, at 426.

■ Since in this case by classifying a debt with a co-signer, and providing that it be paid in full, the other unsecured creditors would receive less than they would receive in a Chapter 7 liquidation, the Court concludes that such a treatment discriminates unfairly against unsecured claims. Accordingly, the debtor may not provide for payment to its "Class A" claim in a percentage that would allow the other unsecured claims to be paid less than 41.57% of their claims, which is what they would receive under Chapter 7.

The debtor has offered to amend the plan to sidestep the trustee's objections. At first blush such an amendment may turn the whole matter moot. A further analysis proves otherwise.

■ The Bankruptcy Court has an inherent duty to examine whether all six requirements of 11 U.S.C. § 1325(a) have been met before it confirms a plan. *In re Bowles,* supra, 504–505. Even if the debtor amends its plan to provide that unsecured claims would receive not less than 41.57%, the Court finds that there is a feasibility problem, 11 U.S.C. § 1325(a), (b). It appears from the Chapter 13 Statement that debtor's disposable income is only $40.00 per month. How can she commit herself to more? Debtor's increase in the monthly payments from $40.00 to $74.00 will create a monthly deficit, and thus, impinge on her ability to comply with the plan.

In view of the foregoing, confirmation of the plan is hereby denied on the grounds that it discriminates unfairly against unclassified unsecured creditors, and that the debtor will not be able to comply with the plan as orally amended on November 26, 1986.

Notwithstanding the above, the Court is of the opinion that the debtor has the ability to formulate a plan which may comply with 11 U.S.C. § 1325. Accordingly, the debtor is hereby granted fifteen (15) days to file an amended plan. Should debtors fail to file the amended plan the case will be dismissed. *In re Gibson,* 45 B.R. 783, 789 (B.C.N.D.Ga.1985).

SO ORDERED.