**In re Robert D. STANLEY, Debtor.**

**Bankruptcy No. 2-87-03412.**

United States Bankruptcy Court, S.D. Ohio, E.D.

Nov. 5, 1987.

Frank M. Pees, Worthington, Ohio, Chapter 13 trustee.

Robert H. Farber, Jr., Columbus, Ohio, for debtor.

## ORDER DENYING CONFIRMATION
## OF CHAPTER 13 PLAN

BARBARA J. SELLERS, Bankruptcy Judge.

This matter is before the Court upon debtor Robert D. Stanley's request for confirmation of his proposed Chapter 13 plan and upon this Court's independent obligation to find that all tests for confirmation required by 11 U.S.C. § 1325(a) have been met.

The debtor's plan, as proposed, calls for payments to the Chapter 13 Trustee of $165 each month for repayment in full of all allowed priority unsecured and secured claims and a dividend of 10% to a class of allowed general unsecured claims. A separate class has been created for unsecured claimants whose obligations result from insufficient funds checks issued by the debtor prior to his bankruptcy filing. Those claimants are proposed to receive a 100% dividend. The plan is estimated to require approximately 37 months for completion.

Five obligations are indicated by the debtor as arising from the issuance of bad checks. These claims are in the amounts of $78, $76, $41, $50, and $88. It is conceded that none of these obligations have resulted to date in a finding of criminal liability or court-ordered restitution.

The issue before the Court is whether the debtor's classification and payment of a 100% dividend to claimants holding bad checks while proposing to pay other unsecured claimants only a 10% dividend is consistent with the requirements for non-discriminatory treatment set forth in 11 U.S.C. § 1322(b)(1).

The classification of unsecured claims in a Chapter 13 case is governed by the provisions of 11 U.S.C. § 1322(b)(1), which states in pertinent part:

"(b) Subject to subsections (a) and (c) of this section, the plan may

(1) designate a class or classes of unsecured claims, as provided in section 1122 of this title, but may not discriminate unfairly against any class so designated ..."

Section 1322(b)(1) permits classification for administrative convenience consistent with the provisions of § 1122(b). While such a classification might be possible in this case, given the amounts involved in the bad check obligations, the classification proposed by the debtor is not set forth on that basis and, indeed, does not include all claims which would come within such a classification.

█ The Court is aware that controlling case law in this circuit has supported a debtor's right to classify unsecured claims in a Chapter 11 case on a basis other than strict dissimilarity of legal rights. *Teamsters National Freight Industry Negotiating Committee v. U.S. Truck Co., Inc. (In re U.S. Truck Co., Inc.)*, 800 F.2d 581 (6th Cir.1986). In a Chapter 13 case, however, because of the nondiscriminatory requirement present in § 1322(b)(1), but not found in § 1122, the lack of economic motivation for unsecured creditors to participate in the confirmation process of a deep composition plan, and the absence of any voting right for unsecured claimants, this Court will require the debtor to positively establish that circumstances or the specific situation of the favored class justify both the proposed treatment and the impact upon other less favored unsecured claimants. This is especially important where one class is proposed to receive a significantly lower dividend. If the favored class has a "virtually unique interest" as found by the *U.S. Truck* Court, and the classification is otherwise appropriate, then the Court may permit the classification. See *U.S. Truck*, 800 F.2d at 587.

█ The Court finds that the debtor in this case, absent consent of claimants in the less favored class, has failed to demonstrate to the Court's satisfaction that the proposed classification is not unfairly discriminatory. *In re Gay*, 3 B.R. 336 (Bankr. D.Col.1980). Absent pending criminal action or conviction, the proposed classification unfairly discriminates against other unsecured claimants which also extended credit to the debtors and remain unpaid.

Based upon the foregoing, confirmation of the debtor's proposed plan must be, and

the same is hereby, DENIED for failure to meet the test set forth in § 1325(a)(1). The debtor shall have twenty (20) days from the date of the service of this order to take whatever action with respect to this case as may be appropriate. If no such action is taken, the Court will dismiss the case.

IT IS SO ORDERED.