In re Eric David RIVERA ECHEVAR-
RIA, Ana Mercedes Pulliza Ruiz d/b/a
Casas Del Oeste, Debtors.

Bankruptcy No. B–90–05024(ESL).

United States Bankruptcy Court,
D. Puerto Rico.

June 10, 1991.

Carlos M. Vargas Muniz, Mayaguez, P.R., for debtor.

Jan P. Johnson, San Juan, P.R., trustee.

## OPINION AND ORDER

ENRIQUE S. LAMOUTTE, Chief Judge.

This case is before the Court upon the standing Chapter 13 trustee's report on confirmation, wherein he questions the debtors' classification of the unsecured claims. At the confirmation hearing on March 12, 1991, this Court granted the debtors and the trustee thirty days to file briefs as to whether debtors' classification of the claim constituted unfair discrimination. Debtors' filed a motion in support of their classification of claims.

### Findings of Fact

Debtors contracted with Domingo Martinez and his wife to design and build a house. Mr. Martinez gave debtor Rivera a deposit of $5,000.00. Subsequently, Mr. and Mrs. Martinez cancelled the contract; however, debtors were unable to return the $5,000.00 deposit. Criminal charges were filed against debtor Rivera in the Superior Court of Puerto Rico for fraud in construction, a violation of § 188 of the Penal Code of Puerto Rico, P.R.Laws Ann. tit. 33, § 4306 (1980). The district attorney agreed to drop the charges if $4,000.00 was reimbursed to Mr. Martinez; $2,000.00 has been paid by co-debtor's parents, and debtors filed a proof of claim for the remaining $2,000, of which they propose to pay fifty percent under the plan.

Debtors filed their voluntary petition for relief and Chapter 13 plan on September 24, 1990. In the schedules accompanying their petition they list three secured creditors, one to be paid in full inside the plan and two to be paid in full outside the plan. Additionally, they list ten unsecured creditors, two of which will be paid in full to protect co-signers. Debtors filed a Chapter 13 statement and amended plan on December 4, 1990, wherein they include Domingo Martinez as an additional unsecured creditor. The amended plan provides, as to unsecured creditors, that two be paid preferentially to protect co-signers, Domingo Martinez be paid 50% of his $3,000.00 claim, and the allowed claims of the remaining unsecured creditors be paid pro rata. The trustee's report on confirmation, filed March 7, 1991, favorably recommended confirmation of the plan. However, the trustee noted that the plan does not specify the reasons for payment of fifty percent of Domingo Martinez' claim, raising the possibility of unfair discrimination. The trustee further noted that no proof of claim had been filed for Domingo Martinez. On March 12, 1991, a proof of claim was filed on behalf of Domingo Martinez in the amount of $2,000.00.

### Conclusions of Law

 The requirements for confirmation of a Chapter 13 plan are set forth in 11 U.S.C. § 1325 (1986). It is the duty of this Court to examine whether all six requirements have been met before it confirms a plan. *In Re: Birriel Gonzalez*, 73 B.R. 259 (Bankr.D.P.R.1987). In order for a Chapter 13 plan to be confirmable under § 1325(a), it must comply with § 1322 as to the contents of a plan. Section 1322(b)(1) provides that the plan may "designate a class or classes of unsecured claims, as provided in section 1122 of this title, but may not discriminate unfairly against any class so designated." 11 U.S.C. § 1322 (1978). Thus, the Court must determine if the plan's discrimination among classes is *unfair*, taking into account the particular facts and circumstances of each case. *In Re: Whitelock*, 122 B.R. 582, 588 (Bankr. D.Utah 1990). The debtors have the burden of establishing that their discriminatory treatment of unsecured claims is fair. *Id.*

 The majority of courts follow a four factor test to determine whether a Chapter 13 plan discriminates unfairly. *In Re: Whitelock*, 122 B.R. at 589; *In Re:*

*Bowles*, 48 B.R. 502 (Bankr.E.D.Va.1985). The Court must consider:

1. whether the discrimination has a reasonable basis,
2. whether the debtor can fulfill the plan without the discrimination,
3. whether the discrimination is proposed in good faith,
4. whether the degree of discrimination is directly related to the rationale for the discrimination.

*Id.* The Court in *Whitelock*, finding that the third factor has become convoluted by attempts to define good faith, modified it to "whether the discrimination manipulates the bankruptcy system and thereby abuses the provisions, purposes, or spirit of chapter 13." 122 B.R. at 589. In evaluating the fairness of discrimination among classes under § 1322, the Court may take into account whether the proposed discrimination protects a relationship with specific creditors that the debtor needs to reorganize successfully, whether the discrimination primarily preserves assets for or otherwise benefits the debtor with no corresponding benefit for creditors, and whether there is a meaningful recovery for creditors disadvantaged by the discrimination. *In Re: Aztec Company*, 107 B.R. 585 (Bankr.M.D.Tenn.1989).

■ *In Re: Bowles* presents a set of facts strikingly similar to the ones at issue here. Mr. Bowles was employed as a roofer. In their schedules debtors included an unsecured debt owed to Mrs. H.L. English in the amount of $30,000. Mrs. English advanced a sum of money to Mr. Bowles in exchange for his promise to perform some work. As a result of his nonpeformance a criminal action was commenced in state court, to which Mr. Bowles pled guilty. The court suspended his sentence pending good behavior and payment of restitution in the amount of $50,000. Mrs. English filed a proof of claim showing $49,000 due. Debtors' amended plan provided for two classes of unsecured creditors; one class consisted of the debt owed Mrs. English, to be paid 100% outside of the plan, the other class consisted of all other unsecured creditors, to be paid 20% of their allowed claims under the plan. Debtors justified their dis-crimination against the other unsecured creditors by arguing that if they did not make restitution in full, the state court would impose a jail sentence on Mr. Bowles. However, the Court held that this justification was insufficient to find that the proposed plan did not unfairly discriminate against the other class of unsecured creditors. 48 B.R. at 505. The Court found that it was "eminently and patently unfair in the circumstances of this case to discriminate between an unsecured creditor made so by an order of restitution and other unsecured creditors ...", noting that the "creditors are being asked to suffer the consequences of the debtors' own misdeeds." *Id.* at 508.

Debtors have not met their burden of establishing that their discriminatory treatment of the unsecured claims is fair. They argue that Mr. Martinez' claim is unique, that he is not receiving more than fifty percent of his claim, that none of the creditors have objected to the plan, and that the unsecured creditors are receiving more under the plan than they would under a Chapter 7 liquidation. However, none of these allegations establish a reasonable basis for the discrimination.

■ Debtors have not shown that they cannot fulfill the plan without the discrimination. Determination of the ability to effectuate a plan without disparate treatment of a disfavored class generally necessitates an examination of whether the treatment protects a relationship with a specific creditor that the debtors need to reorganize successfully. *Whitelock*, 122 B.R. at 591. Debtors have been allowed to classify and preferentially pay certain unsecured creditors with whom they wish to maintain a business or professional relationship. *In Re: Sutherland*, 3 B.R. 420 (Bankr. W.D.Ark.1980). However, debtors herein have not shown that they need to maintain a relationship with Mr. Martinez in order to successfully reorganize. While they argue that they cannot complete the plan if Mr. Rivera is jailed for failing to make restitution, even under their plan Mr. Martinez will not be paid in full. Furthermore, it has been held that the fact that a state court may impose a jail sentence on a debt-

or for failure to fulfill an order of restitution does not constitute adequate justification for discrimination between classes of unsecured creditors. *In Re: Bowles,* 48 B.R. at 508; *In Re: Gay,* 3 B.R. 336 (Bankr.D.Col.1980).

■ According to debtors' amended plan, approximately $644 will be available for distribution pro rata to the unsecured creditors after payment of attorney's fees, secured claims, and preferential unsecured claims. The unsecured creditors claims total nearly $24,000; thus, they will receive about 3% of the value of their claims under the proposed plan—better than what they would receive under a chapter 7 liquidation, but not by much. While there is no clear test as to the allowable percentage repayment difference between the classes, a grossly disproportionate percentage repayment indicates unfairness. *Whitelock,* 122 B.R. at 591. This Court finds that the disparity between the percentage of claim received by Mr. Martinez and the other unsecured creditors is unfair.

■ While it is true that the purpose of the bankruptcy law is to provide debtors with a fresh start, the Court must balance that objective with the Congressional intent to treat creditors of an equal status fairly and equitably. *In Re: Harris,* 62 B.R. 391, 394 (Bankr.E.D.Mich.1986).

### *Conclusion*

The Court finds that debtors' amended Chapter 13 plan unfairly discriminates against the unsecured creditors. Accordingly, the plan cannot be confirmed for failure to comply with 11 U.S.C. §§ 1322(b)(1), 1325(a)(1) and 1325(a)(3). Debtors are hereby granted thirty (30) days to file an amended plan or the case will be dismissed.

SO ORDERED.