**In re David and Gwendolyn VEASLEY.**

**Bankruptcy No. 96–40573 S.**

United States Bankruptcy Court,
E.D. Arkansas,
Little Rock Division.

Dec. 5, 1996.

Paul Schmidt, Cabot, AR, for Debtors.

Bob Dawson, Fort Smith, AR, for City of Sherwood.

### *ORDER SUSTAINING OBJECTION TO MODIFIED PLAN*

MARY D. SCOTT, Bankruptcy Judge.

THIS CAUSE is before the Court upon the objection to confirmation of the plan, filed by the Chapter 13 trustee, on October 17, 1996. On February 15, 1996, the debtors filed this bankruptcy case, listing five unsecured priority debts, all for fines imposed by various municipal courts. The proposed plan, which provided for full payment of these debts, as required by the Bankruptcy Code, 11 U.S.C. § 1322(a)(2), was amended to add a sixth fine. The plan was confirmed on May 13, 1996. On September 13, 1996, the debtor filed a proposed modification of the Chapter 13 plan which stated in pertinent part:

> Debtors request that the fines owing to Sherwood Municipal Court in the amount of $2,348.52 be removed from the Chapter 13 Plan and that the Debtors be allowed to pay these fines outside the Chapter 13 Plan for the reason that (i) the Judge of the Sherwood Municipal Court has *ordered* Debtor, Gwendolyn J. Veasley, to pay these fines directly or he will order that she be incarcerated; and (ii) if Debtor Gwendolyn J. Veasley, is incarcerated, she will lose her job which will place her family in serious financial hardship.

The Chapter 13 trustee objected to this modification on the grounds that it discriminates against the other creditors in the same class.

The Bankruptcy Code expressly requires that the plan provide for equal treatment of claims in the same class. 11 U.S.C. § 1322; *see generally Groves v. LaBarge (In re Groves),* 39 F.3d 212 (8th Cir.1994). The mere fact that a particular creditor desires to be treated differently is not grounds to ignore the mandates of federal law. Moreover, the fact that the creditor demanding disparate treatment is a court does not alter this

rule. While it is true that the Bankruptcy Code requirements and provisions which permit an individual to pay debts under a Chapter plan of reorganization may affect the operation of the state courts, this does not justify separate classification, disregard of federal law, or intrusion by the state court into the bankruptcy jurisdiction.[1] The United States Constitution provides for the supremacy of federal law over state law, U.S. Const. Art. 6, § 2 ("This Constitution, and the laws of the United States which shall be made in pursuance thereof ... shall be supreme law of the land; and the judges in every state shall be bound thereby, anything in the Constitution or laws of any state to the contrary notwithstanding.").

While the debtor and creditors may assert particular positions, negotiate for terms, and seek payment through the bankruptcy process, it is the province of the bankruptcy court to determine what terms or treatment *shall* be provided for in the Chapter 13 plan. No creditor or other court has the power or authority to direct the debtor to act in contravention of the law or make particular provisions in a plan of reorganization. If a creditor believes that the plan does not comply with the law or seeks to require additional terms, the remedy is to object to the plan and seek an Order from the Bankruptcy Court directing inclusion of particular terms. Inasmuch as the Bankruptcy Code does not permit the debtor to modify the plan as proposed, it is

**ORDERED:** that the objection to confirmation of the plan, filed by the Chapter 13 trustee, on October 17, 1996, is Sustained. There being no authority of any creditor to direct the debtor to violate federal law or to direct actions which are solely within the province of the Bankruptcy Court, the debtor shall continue to operate under the plan as confirmed on May 13, 1996.

**IT IS SO ORDERED.**

---

[1]. While 28 U.S.C § 2283 prohibits federal courts from issuing injunctions against state court "except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments," an order by a state court which directs the debtor to violate federal bankruptcy law might be construed as an intrusion into its jurisdiction.