**In re Gary A. WILLIAMS, Debtor.**

**Bankruptcy No. 98–31696.**

United States Bankruptcy Court,
S.D. Ohio,
Western Division.

March 17, 1999.

Katherine C. McGuire, Dayton, OH, for debtor.

Scott G. Stout, Englewood, OH, Chapter 13 Trustee.

### DECISION AND ORDER DENYING CONFIRMATION

WILLIAM A. CLARK, Chief Judge.

This matter is before the court upon the Chapter 13 Trustee's Objection to Confirmation [Doc. # 18–1] objecting to the Debtor's Modification of Plan [Doc. # 16–1], the Chapter 13 Plan [Doc. # 1–1], the memoranda of counsel and oral arguments.

The matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(L), confirmations of plans. The decision constitutes findings of fact and conclusions of law in accordance with Fed. R. Bankr.P. 7052.

## FINDINGS OF FACT

The debtor filed his Chapter 13 bankruptcy petition on March 20, 1998 listing in his Schedule F an unsecured debt of $1000 owed to the Ohio Bureau of Employment Services (OBES) arising from a Xenia Municipal Court criminal restitution order. According to the debtor, the restitution order requires the debtor pay $1000 in $100 monthly payments to the Xenia Municipal Court, or face possible incarceration. In the debtor's Chapter 13 plan, he separately classifies this restitution debt from his other unsecured claims and proposes to pay the debt at a rate of $100 per month until it is paid in full. However, the plan proposes to pay other unsecured creditors only 5% on their claims over a 36 month period.

On November 25, 1998, the Chapter 13 Trustee filed an objection to confirmation of the plan based on the debtor's discriminatory treatment of unsecured creditors. The Trustee argues that the debtor's proposal to pay the unsecured restitution claim in full while paying other unsecured creditors only 5% on their claims is discriminatory treatment under 11 U.S.C. § 1322(a)(3) and requests the court to deny confirmation. In the alternative, the Chapter 13 Trustee proposes that the debtor modify the plan to pay all unsecured creditors the same percentage for 36 months and then pay the OBES debt in full after the 36 month period ends.

In response, the debtor argues that he has a fair and reasonable basis for the discriminatory treatment. The debtor asserts that the restitution requirement arose from his conviction of a criminal offense. His jail-time was suspended and the debtor granted probation on the condition that he make the monthly restitution payments on the OBES debt. The debtor argues that the $100 monthly restitution payments are necessary or his probation will be revoked and he will be incarcerated.

## CONCLUSIONS OF LAW

■ Initially, this court notes that the debtor has failed to provide any evidence that he will be incarcerated if he fails to make $100 monthly restitution payments to the Xenia Municipal Court. [Doc. # 23–1.]

Although the debtor, in various documents, has mentioned a Xenia Municipal Court Order requiring these payments, the order has not been provided to this court. It is the debtor's burden to prove a reasonable basis for the favorable treatment of the restitution claim. *In re Brigance*, 219 B.R. 486, 494 (Bankr.W.D.Tenn.1998). Thus, without evidence that the debtor would be incarcerated if he does not pay the $100 each month, the debtor has failed to meet his burden of proving a reasonable basis for the discriminatory treatment.

■ However, even if sufficient evidence of possible incarceration had been provided by the debtor, these facts do not support the unfair discriminatory treatment of unsecured creditors which the debtor proposes. Under 11 U.S.C. § 1322(b), a debtor may make separate classifications of unsecured claims so long as the debtor does not "discriminate unfairly" against any such class. Unfair discrimination has not been defined within the Code. However, courts propose a flexible standard considering the totality of the circumstances on a case by case basis. *In re Bowles*, 48 B.R. 502, 507 (Bankr.E.D.Va. 1985); *In re Riggel*, 142 B.R. 199, 202 (Bankr.S.D.Ohio 1992) (J. Sellers) (proposing consideration of the following factors: 1) whether the discrimination has a reasonable basis; 2) whether the debtor can carry out the plan without such discrimination; 3) whether the classification has been proposed in good faith; and 4) the nature of the treatment of the class discriminated against); *In re Echevarria*, 129 B.R. 11, 13 (Bankr.D.P.R. 1991) (proposing the court consider whether the discrimination protects a relationship with creditors that the debtor needs in order to reorganize successfully and whether there is any meaningful recovery by creditors disadvantaged by the proposed discrimination). The debtor bears the burden of proving that the proposed classifications do not unfairly discriminate against a class of unsecured creditors. *Brigance*, 219 B.R. at 494.

In this case, the debtor separately classified the OBES restitution payment from his other unsecured debts and proposes to pay the OBES debt in full with $100 monthly payments while paying other unsecured

creditors only 5% on their claims over a three year period. The debtor's alleged basis for treating the OBES debt so favorably is that the debt is a nondischargeable restitution claim that arose as part of his conviction of a crime and is a required part of his probation. The debtor alleges that if he does not make the full $100 monthly payments, then he will be incarcerated. However, based on the decisions of courts facing very similar circumstances, these facts do not support such unfair discrimination against the debtor's general unsecured creditors.

■ The nondischargeability of a debt alone is not sufficient justification to treat a debt more favorably than other unsecured claims, at least during the initial 36 months of a plan. *In re Tucker*, 150 B.R. 203, 205 (Bankr.N.D.Ohio 1992) (finding that the nondischargeability of a student loan in chapter 13 did not justify the discriminatory treatment of paying the student loan in full while paying other unsecured creditors only 5% on their claims); *In re Ponce*, 218 B.R. 571, 575 (Bankr.E.D.Wash.1998) (holding that the nondischargeable nature of a criminal fine did not justify discriminatory treatment in favor of that creditor). As such, the fact that the debtor's restitution payment is nondischargeable in Chapter 13 does not, by itself, justify favorable treatment of the restitution creditor at the expense of other unsecured creditors.

Moreover, although at least one court has suggested that a restitution obligation may present an additional basis supporting the discriminatory action,[1] courts have generally held that the possibility of incarceration does not provide a sufficient basis for favorable treatment of a restitution claim. These courts have noted that the nature of these debts is punishment of the criminal "and not the criminal's creditors." *In re Ponce*, 218 B.R. 571, 575 (Bankr.E.D.Wash.1998). "The whole point of punishment would be avoided

if the debtor could transfer the cost of this punishment to his other unsecured creditors." *Id.* As such, these courts do not allow the debtor to pay the restitution in full even if a jail sentence may be imposed.

In a factually similar case, a debtor was convicted of theft and was sentenced to a period of probation. *In re Limbaugh*, 194 B.R. 488 (Bankr.D.Or.1996). As part of this probation, the debtor was ordered to pay restitution, through the county court, to benefit the victim of the crime. *Id.* at 490. The debtor then filed a Chapter 13 petition and plan which proposed to pay the $300 monthly restitution payments in full while paying 0% to her other unsecured creditors. *Id.* at 491. The court found this discriminatory treatment unfair noting that the nondischargeable nature of the debt did not support the discrimination nor was the possibility of incarceration a basis for such unfair treatment. *Id.* at 491–92. The court reasoned:

> By allowing debtors to separately classify the restitution debt this court would reduce the impact of criminal sanctions imposed by the state court by requiring debtors' innocent unsecured creditors to subsidize [the debtor's] criminal sanctions. Two purposes of criminal sanctions are to deter and to punish the wrongdoer. Both of these purposes are undermined when innocent creditors are required to help pay for a debtor's criminal sanctions.

*Id.* at 493. Thus, the court denied confirmation of the plan. *Id.* at 495.

■ Coupled with the separate classification issue is the issue of good faith under 11 U.S.C. § 1325(a)(3). Good faith is an element of confirmation which the debtor must surmount. If unsecured creditors are only going to receive 5%, an unmeaningful recovery, a good faith issue arises for the debtor unless the debtor extends the recovery period to five years making the recovery for unsecured creditors more meaningful.

---

1. Although Judge Sellers in two separate cases suggests that "criminal action or conviction" may support a plan which discriminates in favor of the unsecured restitution creditor, this was only dicta which was not further explained. *See In re Stanley*, 82 B.R. 858, 859 (Bankr.S.D.Ohio 1987); *In re Riggel*, 142 B.R. 199, 203 (Bankr.

S.D.Ohio 1992) (obligations under a restitution order may form a reasonable basis for discrimination). In addition, these cases do not discuss the unfair result of such discrimination which transfers the effect of a criminal restitution to general unsecured creditors.

In another case involving the issue of unfair discrimination, the debtor proposed to pay a criminal restitution claim in full while paying other unsecured creditors only 20% on their claims which was substantially less than they would receive if the criminal restitution claim did not receive favorable treatment. *In re Bowles*, 48 B.R. 502 (Bankr. E.D.Va.1995). The court noted that these unsecured creditors "were being asked to suffer the consequences of the debtor's own misdeeds." *Id.* at 508. Thus, even though the debtor proposed the discrimination to avoid incarceration so he could continue working and complete his plan, the court found that the plan unfairly discriminated against general unsecured creditors who would receive only one-fifth (⅕) what he paid on the unsecured restitution claim. This outcome is supported by other similar cases. *In re Echevarria*, 129 B.R. 11 (Bankr.D.P.R. 1991) (citing the *Bowles* case and noting that the "fact that a state court may impose a jail sentence on a debtor for failure to fulfill an order of restitution does not constitute adequate justification for discrimination between classes of unsecured creditors"); *In re Veasley*, 204 B.R. 24 (Bankr.E.D.Ark.1996).

In this case, the unsecured creditors are being paid only 5% on their claims or only one-twentieth (1/20) what the debtor is paying the unsecured restitution creditor. As the debtor should not be allowed to transfer his punishment for a crime to his unsecured creditors, his plan is unfairly discriminatory and should not be confirmed absent no viable alternatives.

There is a suggestion by many of these courts that they would consider confirmation of a plan that includes some discrimination in favor of the restitution claim as long as the debtor proves that the discrimination is the minimum necessary to complete the plan. *Bowles*, 48 B.R. at 509; *In re Games*, 213 B.R. 773 (Bankr.E.D.Wash.1997). One court proposed that an acceptable alternative plan might be one that pays all unsecured creditors the same percentage for the first 36 months with payment to the restitution creditor in full after that time period if the restitution creditor would accept such terms. *In re Limbaugh*, 194 B.R. 488, 495 (Bankr.D.Or.

1996) (noting that Oregon law allows state courts to modify conditions of probation at any time and, thus, the debtor should at least request such a modification before proposing an unfairly discriminatory plan); *see also In re Games*, 213 B.R. at 779–780 (suggesting that it may confirm a plan paying the restitution claim in full if the plan is extended to five years so that unsecured creditors receive some form of meaningful payment). This alternative has also been suggested in this court for other forms of nondischargeable debts. *In re Rudy*, 1995 WL 365370 *2 (Bankr.S.D.Ohio 1993) (J. Waldron & J. Clark) (suggesting that the debtor could propose a plan that paid all unsecured creditors the same amount for the first 36 months and then pay the student loan obligation in full over the next two years without any additional payment to the unsecured creditors during this time).

In this case, the Trustee has suggested that the debtor consider paying the restitution claim at the same rate as unsecured creditors for the first three years and then pay the claim in full over the next two years. If the probation authorities would be satisfied by such substantial compliance with the restitution order, this court suggests that it would consider granting confirmation of such an alternative plan.

## CONCLUSION

The court finds that the evidence does not support the separate classification and treatment of the restitution claim for the reasons stated above. Therefore, confirmation of the plan as modified is denied. The debtor is granted twenty-one (21) days to propose a confirmable modified plan or the case will be dismissed.

**SO ORDERED.**